**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 16-7284**

———————————

JEREMY R. PHILLIPS,

                    Petitioner - Appellant,

        v.

SCOTT LEWIS, Warden,

                    Respondent - Appellee.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior
District Judge.  (6:15-cv-02458-HMH)

———————————

Submitted:  February 1, 2017          Decided:  March 31, 2017

———————————

Before NIEMEYER, DUNCAN, and DIAZ, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Allen Mattison Bogan, Blake Terence Williams, NELSON MULLINS
RILEY & SCARBOROUGH, LLP, Columbia, South Carolina, for
Appellant. Donald John Zelenka, Senior Assistant Attorney
General, Alphonso Simon, Jr., Assistant Attorney General,
Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy R. Phillips, a South Carolina prisoner, filed a 28 U.S.C. § 2254 (2012) petition challenging his convictions for the murder of Juan Roman and arson of Roman's trailer. Phillips asserted that his codefendant, Jesse Willis, beat Roman and set the fire that caused Roman's death, and that Phillips' trial counsel was constitutionally ineffective for failing to pursue a third-party guilt defense by researching the defense, investigating Willis' admissions of guilt, and calling witnesses to testify about those admissions. Phillips also argued that his trial counsel was ineffective for failing to review physical evidence with Phillips before trial, including a towel soaked in Roman's blood found in Phillips' trailer. Accepting the recommendation of the magistrate judge, the district court ruled that Phillips procedurally defaulted on his claim regarding the physical evidence and denied relief for the remaining ineffective assistance claims.

Phillips now seeks a certificate of appealability granting him permission to appeal the district court's rulings on procedural default and ineffective assistance of counsel. For the following reasons, we deny a certificate of appealability and dismiss the appeal.

A final order in a § 2254 proceeding is not appealable unless a circuit justice or judge issues a certificate of

2

appealability. 28 U.S.C. § 2253(c)(1)(A) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).

When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

Under this standard, we begin with Phillips' request to appeal the district court's ruling on procedural default. Procedural default occurs if a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)). To exhaust state remedies, a petitioner must fairly present the

3

substance of a claim to the state's highest court. Id. A petitioner may overcome a procedural default by showing either "cause for the default and actual prejudice as a result of the alleged violation of federal law" or "that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

The district court accepted the magistrate judge's finding that Phillips' state certiorari petition did not discuss his claim that counsel failed to review physical evidence with him. We agree with that finding. The discussion section of the certiorari petition did not mention showing Phillips the physical evidence or refer to the towel soaked with Roman's blood. Although the petition argued that trial counsel did not discuss trial strategy with Phillips, that argument concerned counsel's strategy for Willis' admissions of guilt, not the physical evidence. Because the certiorari petition cannot be read to encompass the claim, Phillips failed to fairly present it to South Carolina's highest state court. The South Carolina Supreme Court has denied the certiorari petition, and Phillips cannot now raise the claim in state court. See S.C. Code Ann. § 17-27-90 (2014). Phillips does not argue cause and prejudice or a fundamental miscarriage of justice, and the record does not reveal any basis for Phillips to overcome his procedural

4

default. Thus, the district court did not err in its ruling on procedural default.

Next, we reject Phillips' request for a certificate of appealability for his remaining claims of ineffective assistance of counsel, which stem from counsel's strategy for Willis' admissions of guilt. To prove ineffective assistance of counsel, a petitioner must show: (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner proves deficient performance by showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688-89. Courts presume attorneys engage in reasonable conduct and rely on "sound trial strategy." Id. at 689 (internal quotation marks omitted). Prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 687.

Regarding deficient performance, Phillips argues that the district court should not have accepted trial counsel's claim that he strategically declined to investigate or call Willis or inmates who were willing to testify that Willis admitted to killing Roman. Alternatively, Phillips argues that trial counsel's strategy was unreasonable.

5

We reject both arguments.  First, the district court deferred to the state postconviction court's finding that trial counsel credibly testified about his strategy.  A federal habeas court cannot overturn a state court's credibility judgments absent "stark and clear" error.  Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)).  "Indeed, 'federal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.'"  Id. (quoting Marshall v. Lonberger, 459 U.S. 422, 434 (1983)).

Phillips argues that the state court committed a stark and clear error because it could not have believed that trial counsel strategically declined to pursue witnesses with evidence of a third party's guilt when, according to Phillips, trial counsel did pursue such a defense.  For example, trial counsel moved for a continuance in part to contact the inmates, and he attempted to introduce Willis' signed admission at trial.

Trial counsel's pretrial attempts to pursue a third-party strategy, however, came before he researched the third-party guilt defense.  Moreover, while trial counsel attempted to introduce Willis' written statement, even arguing that it showed third-party guilt, that single, ill-fated attempt does not evidence an entire trial strategy.  Thus, those facts do not

6

show a stark and clear error in the state court's credibility findings.  See Cagle, 520 F.3d at 324.

Second, trial counsel's strategy was reasonable.  Phillips argues that it could not have been reasonable because it resulted from a misunderstanding of hearsay and the third-party guilt defense and a lack of investigation.  Phillips' argument regarding hearsay presumes that, if counsel had called Willis to testify, Willis would have invoked his Fifth Amendment privilege against self-incrimination, thereby permitting counsel to admit Willis' out-of-court admissions of guilt.  However, as the district court recognized, Willis could have elected to testify against Phillips.  Avoiding that risk was sound trial strategy.

Phillips has also not shown that trial counsel misunderstood the third-party guilt defense.  Trial counsel and Phillips similarly described the defense, and contrary to Phillips' assertion, trial counsel considered more than the strength of the state's case when he rejected the defense.  He also considered the potentially fatal weaknesses of Phillips' third-party guilt evidence, which included Willis' conflicting statements that sometimes supported the State's case.

Finally, Phillips claims that trial counsel could not have reasonably decided to forgo a third-party guilt defense without investigating the inmates who were willing to testify that Willis had admitted setting the fire that killed Roman.  "The

7

Sixth Amendment, however, does not always compel counsel to undertake interviews and meetings with potential witnesses where counsel is familiar with the substance of their testimony." Huffington v. Nuth, 140 F.3d 572, 580 (4th Cir. 1998) (finding counsel's performance reasonable when counsel did not call witnesses who would inculpate defendant's codefendant because counsel could review the witnesses' testimony from the codefendant's trial); see also Strickland, 466 U.S. at 690-91 ("[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."). Here, before trial, counsel had received Willis' signed admission and at least two letters from inmates describing Willis' admissions of guilt. Counsel therefore knew what the witnesses would have testified to, and after assessing the statements and reviewing the law, he reasonably decided not to pursue further investigation. Thus, Phillips has failed to rebut the presumption of reasonableness afforded to counsel's conduct. See Strickland, 466 U.S. at 689. Accordingly, Phillips has not established deficient performance.

We also conclude that Phillips has not established prejudice. At trial, three witnesses indicated that Phillips either lit the fire that killed Roman or was at least involved in Roman's death despite Phillips' insistence that he spent the

8

evening of the fire away from Willis and Roman. Moreover, Willis' statements taking sole responsibility would have lacked credibility if admitted because Willis made several conflicting statements. Thus, Phillips has not shown that had trial counsel pursued a third-party guilt defense, the jury would have returned a verdict of not guilty. See id. at 687.

In sum, our review of the record shows that Phillips has not made the requisite showing for a certificate of appealability. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

9